# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-50918
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 15, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAVIER LUJAN GARCIA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:15-CR-496-1

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Javier Lujan Garcia pleaded guilty to one count of being found in the United States following deportation. The district court implicitly denied Lujan Garcia's request for a downward variance and sentenced him within the advisory guidelines range to 41 months in prison, to be followed by a three-year term of nonreporting supervised release. Lujan Garcia argues on appeal that his trial counsel rendered ineffective assistance by failing to argue at

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentencing the points that were raised in the defense sentencing memorandum, failing to request specific relief, and failing to object on the record at sentencing to preserve Lujan Garcia's appellate arguments. In addition, Lujan Garcia complains that his trial counsel's failure to specify how double counting his criminal history affected the sentence imposed constituted ineffective assistance and that combining the double counting argument with Lujan Garcia's family situation made the request for a downward variance unclear.

This court generally does not review claims of ineffective assistance of counsel on direct appeal. *United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014). We have "undertaken to resolve claims of inadequate representation on direct appeal only in rare cases where the record allowed us to evaluate fairly the merits of the claim." *United States v. Higdon*, 832 F.2d 312, 314 (5th Cir. 1987). In most instances, we qualify a claim as a "rare case" warranting review only when it was raised and developed in a post-trial motion to the district court. *United States v. Stevens*, 487 F.3d 232, 245 (5th Cir. 2007). Lujan Garcia did not raise these ineffective assistance claims in the district court at any time. Because the record is not sufficiently developed to allow for a fair consideration of these claims, we decline to consider them on direct appeal without prejudice to Lujan Garcia's right to raise them on collateral review. *See Isgar*, 739 F.3d at 841. Accordingly, the judgment of the district court is AFFIRMED.